IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

Tana J.,[1]

    Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 6:18-cv-00307-AA
**OPINION AND ORDER**

AIKEN, District Judge:

Plaintiff Tana J. seeks judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying her claim for Disability Insurance Benefits. This Court has jurisdiction under 42 U.S.C. §§ 405(g), 1383(c). For the reasons below, the Commissioner's decision is REVERSED and the case REMANDED for an award of benefits.

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party or parties in this case. When applicable, this opinion uses the same designation for the non-governmental party's immediate family member.

Page 1 – OPINION AND ORDER

## BACKGROUND

On October 3, 2013, plaintiff applied for Disability Insurance Benefits. Tr. 210.[2] She alleged disability beginning October 1, 2012, due to complications from hysterectomy surgery, chronic pelvic and abdominal pain, urinary and bowel pain, stage III endometriosis, fibromyalgia, anxiety, and depression. Tr. 80-81. After a hearing, the administrative law judge ("ALJ") determined that Plaintiff was not disabled under the Social Security Act. Tr. 37. The Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. This action followed.

## STANDARD OF REVIEW

A reviewing court shall affirm the decision of the Commissioner if it is based on proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (quoting *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997)). To determine whether substantial evidence exists, the district court must review the administrative record as a whole, weighing both the evidence that supports and detracts from the decision of the ALJ. *Davis v. Heckler*, 868 F.2d 323, 326 (9th Cir. 1989).

---

[2] "Tr." refers to the Transcript of the Social Security Administrative Record provided by the Commissioner.

DISCUSSION

The Social Security Administration uses a five-step sequential evaluation to determine whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The burden of proof fall to the claimant at steps one through four, and with the Commissioner at step five. *Id.*; *Bustamante v. Massanari*, 262 F.3d 949, 953–54 (9th Cir. 2001) (citing *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999)). At step five, the Commissioner must show that the claimant can adjust to other work after considering the claimant's residual functional capacity ("RFC"), age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the Commissioner fails to meet this burden, then the claimant is disabled. *Id.* If, however, the Commissioner proves that the claimant can perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Id.*; *see also Bustamante*, 262 F.3d at 953–54.

Here, the ALJ found that plaintiff was not disabled. The ALJ first determined that plaintiff met the insured status requirements of the Social Security Act through December 31, 2018. Tr. 23. At step one, the ALJ found that plaintiff had not performed substantial gainful activity since October 1, 2012, her alleged onset date. *Id.* At step two, the ALJ found that plaintiff had the following severe impairments: pelvic pain disorder of female genital organs, back pain with radiculopathy, fibromyalgia, depression, anxiety, and post-traumatic stress disorder. *Id.* At step three, the ALJ found that plaintiff's impairments or combination of impairments did

not meet or medically equal the severity of one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 24-25.

Before proceeding the step four, the ALJ determined that plaintiff's RFC allowed her to perform sedentary work with these limitations:

> [Plaintiff] can lift 10 pounds occasionally and less than 10 pounds frequently. She can stand and walk for two hours in an eight-hour day, and sit for six hours in an eight-hour day. She can occasionally climb ramps and stairs, but never climb ladders, ropes, or scaffolds. She can occasionally crawl. She must avoid concentrated exposure to vibrations. She can never tolerate exposure to workplace hazards such as exposed moving machinery and unprotected heights. She can perform simple, routine tasks, and can have occasional contact with the general-public."

Tr. 25.

At step four, the ALJ found that plaintiff could not perform any of her past relevant work. Tr. 30. At step five, the ALJ found that based on plaintiff's age, education, work experience, and RFC, jobs existed in significant numbers in the national economy that plaintiff could sustain substantial gainful employment despite her impairments. Tr. 31. Specifically, the ALJ found that plaintiff could perform the representative occupations of addresser and semiconductor wafer breaker. *Id.* As a result, the ALJ concluded that plaintiff was not disabled under the Act.

Plaintiff contends that the ALJ erred by improperly discounting the opinions of plaintiff's treating physician and physical therapist and plaintiff's subjective symptom testimony.

I. *Treating Physician Opinion*

Plaintiff argues that the ALJ erred in discounting the opinion of Dr. Versage, Gynecologist, who has been plaintiff's primary treating physician for her chronic

pelvic pain, endometriosis, and chronic interstitial cystitis since April 2014. Tr. 789. On October 13, 2016, Dr. Versage provided a medical evaluation form that described plaintiff's gynecological diagnoses, symptoms, and signs and answered a series of questions about how Plaintiff's impairments might limit her work performance. Tr. 1016-19. As relevant to this Court's review, Dr. Versage opined that plaintiff would be unable to maintain a regular work schedule on more than four days per month. Tr. 1019. The ALJ gave "little weight" to that opinion, reasoning that it was "speculative at best" and "not supported by the totality of the medical evidence in the record." Tr. 29.

If a treating physician's opinion is supported by medically acceptable techniques and is not inconsistent with other substantial evidence in the record, the treating physician's opinion is given controlling weight. *Holohan v. Massanari*, 246 F.3d 1195, 1202 (9th Cir. 2001); *see also* 20 C.F.R. § 404.1527(d)(2). To reject the uncontradicted opinion of a treating doctor, an ALJ must state "clear and convincing reasons that are supported by substantial evidence." *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). If, however, a treating doctor's opinion is contradicted by the opinion of another physician, the ALJ must provide "specific and legitimate reasons" for discrediting the treating doctor's opinion. *Id.*

Dr. Versage's opinion on plaintiff's ability to maintain a regular work schedule is not contradicted by another physician's opinion. But even if it were, the ALJ erred in discounting that opinion because the reasons the ALJ gave were clear and convincing, nor specific and legitimate. Specific, legitimate reasons for rejecting a

physician's opinion may include its reliance on a claimant's discredited subjective complaints, inconsistency with medical records, inconsistency with a claimant's testimony, inconsistency with a claimant's daily activities, or that the opinion is brief, conclusory, and inadequately supported by clinical findings. *Bray v. Comm'r of Soc. Sec.*, 554 F.3d 1219, 1228 (9th Cir. 2009); *Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008); *Andrews v. Shalala*, 53 F.3d 1035, 1042-43 (9th Cir. 1995). Here, the ALJ did not rely on any of those reasons, and instead assigned the opinion minimal weight by "criticizing it with boilerplate language that failed to offer a substantive basis" for the ALJ's conclusion. *Garrison v. Colvin*, 759 F.3d 995, 1013 (9th Cir. 2014); see also *id.* at 1012 ("An ALJ can satisfy the 'substantial evidence' requirement by 'setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." (quoting *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998))); *Reddick*, 157 F.3d at 725 ("The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct.").

As a result, the ALJ erred in rejecting Dr. Versage's opinion. And I agree with plaintiff that this improperly rejected opinion should be credited as true and the case remanded for benefits, making discussion of plaintiff's remaining assignments of error unnecessary.

## II. *Type of Remand*

While reviewing courts generally remand to the agency for "additional investigation or explanation," *Florida Power & Light Co. v. Lorio*, 470 U.S. 729, 744

(1985); *see also Lingenfelter v. Astrue*, 504 F.3d 1028, 1044 (9th Cir. 2007) (the ordinary remand rule applies to Social Security cases), Congress has granted courts some additional flexibility in § 405(g) "to reverse or modify an administrative decision without remanding the case for further proceedings." *Harman v. Apfel*, 211 F.3d 1172, 1177–78 (9th Cir. 2000). The decision whether to remand for further proceedings or for immediate payment of benefits is within the discretion of the court. *Id.* at 1178. The issue turns on the utility of further proceedings. A remand for an award of benefits is appropriate when no useful purpose would be served by further administrative proceedings or when the record has been fully developed and the evidence is insufficient to support the Commissioner's decision. *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir.1989). Under the Ninth Circuit's "credit-as-true" doctrine, I must undertake a three-step inquiry to make that determination. *Burrell v. Colvin*, 775 F.3d 1133, 1141 (9th Cir. 2014).

First, for the reasons explained above, the ALJ failed to provide sufficient reasons for rejecting Dr. Versage's opinion about plaintiff's ability to maintain a regular work schedule. *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015). That error was not harmless because, as explained below, if the ALJ had included that limitation in plaintiff's RFC, the ALJ would have found that plaintiff was disabled under the Act.

Second, I must determine whether the record has been fully developed and whether further administrative proceedings would be useful. *Id.* The Commissioner contends that Dr. Versage's opinion was vague and not supported by her clinical

findings and asserts that the ALJ should call a medical expert to testify about plaintiff's pelvic impairment and how it interacts with her other impairments and that the ALJ should then reweigh Dr. Versage's opinion in light of that evidence. Another medical opinion is not needed because Dr. Versage, who is a gynecological specialist, already provided her opinion. Her opinion was not vague; in the context of the whole form, clear that it was based on the severity and frequency of pain that plaintiff experienced, and it was based on a two-year treatment relationship with plaintiff, which is well-described in Dr. Versage's treatment notes.

The Commissioner also contends that the record contains ambiguities that the ALJ must resolve. Specifically, the Commissioner asserts that the opinions of Abigail Dowd, plaintiff's physical therapist, are inconsistent with Dowd's treatment notes describing plaintiff's activity level. In a medical evaluation form, Dowd opined that plaintiff would need to lie down to rest for at least one hour twice a day, that plaintiff was limited to sitting for 30 minutes at a time for a total of one hour each day, that plaintiff was limited to walking and standing for five minute at a time for a total of two hours each day, that plaintiff could never lift 10 pounds or more, and that plaintiff would be unable to maintain a regular work schedule on four or more days per month. Tr. 1008-12. The Commissioner points to several of Dowd's notes, which indicate that plaintiff walked as part of her physical therapy and reported going for a fast walk along the track in her neighborhood, going for a three-mile hike once, and doing 20-minute treadmill walks most nights beginning in March 2016. Although Dowd's reports of plaintiff's walking and Dowd's opinion that plaintiff is limited to walking

for five minutes at a time for a total of two hours a day might be inconsistent, that inconsistency does not extend to Dowd's other opinions. Moreover, the inconsistency does not create a *material* ambiguity in this record. It does not undermine Dr. Versage's or Ms. Dowd's opinions on plaintiff's ability to maintain a regular work schedule.

Third, I conclude that if the improperly discredited opinion on Plaintiff's ability to maintain a regular work schedule were credited as true, the ALJ would be required to find the claimant disabled on remand. *Dominguez*, 808 F.3d at 407. At the hearing, the VE testified that, if a person with plaintiff's age, education, work experience, and RFC needed to be absent from work four days a month on average, that "would preclude gainful activity." Tr. 77.

Finally, consideration of the record leaves this Court in no doubt concerning disability. *See Dominguez*, 808 F.3d at 408 (noting that a reviewing court may remand for further proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act"). "Allowing the Commissioner to decide the issue again would create an unfair 'heads we win; tails, let's play again' system of disability benefits adjudication." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004). Accordingly, this case shall be remanded for an immediate calculation and award of benefits.

## CONCLUSION

The Commissioner's decision is REVERSED and REMANDED for immediate award of benefits.

IT IS SO ORDERED.

Dated this 30th day of September 2019.

Ann Aiken
United States District Judge